UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

**KYLIN WENTZ,**

   **Plaintiff,**

 -against-

**DELTA AIR LINES, INC.,**

   **Defendant.**

Civil Action No.:_____

**COMPLAINT &
JURY TRIAL DEMAND**

## COMPLAINT

Comes now Plaintiff KYLIN WENTZ, by and through her undersigned attorneys, complaining against Defendant DELTA AIR LINES, INC., and alleges the following:

### PARTIES, JURISDICTION, AND VENUE

1. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sec. 1331, insofar as a federal question is presented pursuant to the Convention for the Unification of Certain Rules for International Carriage by Air done at Montreal on May 28, 1999 (hereinafter "the Montreal Convention").

2. *In Personam* Jurisdiction and Venue are proper in this district, insofar as the Defendant's principal place of business is in Atlanta, Georgia.

3. Plaintiff is a United States citizen and domiciled in Philadelphia, Pennsylvania.

1

4. Defendant DELTA AIR LINES, INC. ("DELTA") is a foreign for-profit corporation incorporated under the laws of the State of Delaware with its principal place of business and headquarters located at 1030 Delta Boulevard, Atlanta, Georgia 30354. Defendant DELTA can be served by way of its registered agent, Corporation Service Company, located at 40 Technology Parkway South, Suite 300, Norcross, Gwinnett County, Georgia 30092.

## FACTUAL ALLEGATIONS

5. At the time of the events complained of herein, Defendant DELTA was a common carrier engaged in the business of transporting passengers for hire by air.

6. In furtherance of said business, defendant DELTA operates regularly scheduled commercial airline flights to and from Amsterdam Airport Schiphol, Haarlemmermeer, Netherlands (AMS).

7. In furtherance of said business, defendant DELTA operates regularly scheduled commercial airline flights to and from Detroit Metropolitan Wayne County International Airport, Romulus, Michigan (DTW).

8. On or about May 12, 2022, Defendant DELTA operated and controlled a certain jet aircraft ("the subject aircraft") designated as DELTA Flight DL 137 from Amsterdam Airport Schiphol, Haarlemmermeer, Netherlands (AMS) to Detroit Metropolitan Wayne County International Airport, Romulus, Michigan (DTW) ("the subject flight").

9. On May 12, 2022, the Plaintiff was a fare-paying passenger aboard the subject flight.

10. Said flight was conducted on an aircraft owned, leased, operated, staffed and/or otherwise controlled by Defendant Delta.

11. On May 12, 2022, Defendant Delta employed a flight crew responsible for the safe and secure operation of the subject flight, as well as the safety and well-being of its passengers aboard the subject flight.

12. On May 12, 2022, Defendant Delta was responsible for the training, management, supervision, and/or control of its flight crew aboard the subject flight, including but not limited to the crew's adherence to standard safety policies and protocol.

13. On May 12, 2022, the Plaintiff was injured when she was struck by a falling object while aboard the subject aircraft.

14. More specifically, Plaintiff was injured when Defendant Delta's employee, agent, servant, and/or contractor reached into the aircraft's overhead bin above Plaintiff's seat and caused a heavy object to fall onto Plaintiff's head.

15. Said injuries occurred while the aircraft was in flight.

16. Plaintiff's injuries resulted from an accident pursuant to Article 17 of the Montreal Convention, in that the injuries were caused by an unexpected or

unusual event or occurrence external to the Plaintiff, and not by the Plaintiff's internal reaction to the normal operation of the aircraft.

17. As a result of said accident, Plaintiff was injured.

18. As a result of said accident, Plaintiff was seriously injured.

19. As a result of said accident, Plaintiff was permanently injured.

20. As a result of said accident, Plaintiff suffered great pain, agony and mental anguish, and in the future shall continue to suffer from same.

21. As a result of said accident, Plaintiff suffered great economic loss and in the future shall continue to suffer from same.

22. As a result of said accident, Plaintiff was forced to expend great sums of money on medical treatment and in the future shall continue to expend money on same.

23. As a result of said accident, Plaintiff was deprived of her enjoyment of life, pursuits and interests and in the future shall continue to be deprived of same.

24. As a result of the foregoing, Defendant is liable to pay full, fair and reasonable damages to Plaintiff pursuant to the Montreal Convention.

25. Defendant cannot meet its burden of proving that its negligence did not cause or contribute to the accident and the resulting injuries to Plaintiff.

26. Defendant cannot meet its burden of proving that the injuries suffered by Plaintiff were caused solely by the acts of third parties.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully prays that the Court award damages on all counts against Defendant as set forth above, interest as allowed by law, fees, and expenses as allowed by law, and any other relief to do justice.

Dated: April 24, 2024                               **PRIETO, MARIGLIANO, HOLBERT & PRIETO, LLC**

_____
Daniel J. Prieto, Esq.
Georgia Bar No.: 118510
Jonathan Marigliano, Esq.
Georgia Bar No.: 470628
1555 Mount Vernon Road
Atlanta, GA 30338
(404) 856-0040
dprieto@pmhplaw.com
jmarigliano@pmhplaw.com

and

**BOHRER & LUKEMAN, PLLC**

Abram I. Bohrer, Esq.
David A. Zeitzoff, Esq.
5 Columbus Circle, Suite 1501
New York, NY  10019
Tel. No.: (212) 406-4232
*Pro Hac Vice Application Forthcoming*

*Attorneys for Plaintiff*

## **JURY DEMAND**

Plaintiff demands a jury for all claims stated.

Dated: April 24, 2024

_____
Daniel J. Prieto, Esq.
Georgia Bar No.: 118510